Shawtina F. Lewis (SBN 259255)
shawtina.lewis@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:    424.221.7400
Facsimile:      424.221.7499

Attorneys for Defendants
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH HOYOPATIBBI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. R. BARD INC., and<br>BARD PERIPHERAL VASCULAR, INC.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00253-DAD-BAM<br><br>**AGREED JOINT MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM; ORDER** |

Deborah Hoyopatibbi[1] ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants") (collectively, the "Parties"), pursuant to Fed. R. Civ. P. 26 and the Court's inherent powers, respectfully request that this Court enter an Order temporarily staying discovery and all pretrial deadlines imposed by the Court, including the September 23, 2021 initial scheduling conference, the Local Rules, and the Federal Rules of Civil Procedure until July 26, 2021, to allow the Parties to conclude the details of a settlement reached prior to transfer.

## I. Background

This case originally was filed directly by Plaintiff as a member action in the Multi-District Litigation proceeding *In re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.), pending before Senior Judge David Campbell in the United States District Court for the District of Arizona.

After four years, the completion of general issue discovery, and conducting three bellwether trials, Judge Campbell ordered cases that have not settled or that are not close to settling to be transferred to the appropriate jurisdictions around the country for case-specific discovery and trial.[2]

The Parties settled this case before remand and are in the process of finalizing the settlement. The Parties agree that a temporary stay of discovery and all pretrial deadlines imposed by the Court, including the September 23, 2021 initial scheduling conference, the Local Rules, and the Federal Rules of Civil Procedure is warranted because the Parties have a genuine belief that this action will be completely resolved by the settlement, obviating the expense of further litigation and the expenditure of additional judicial resources.

Given the COVID-19 pandemic, the Parties anticipate their efforts to finalize settlement may take up to 120 days since firms, facilities, and businesses continue to experience delays and staffing shortages or as medical facilities have directed their staff to focus on activities concerning

---

[1] The correct spelling of Plaintiff's last name is Hoyopatubbi.

[2] In signing this Joint Motion, Defendants do not waive any applicable jurisdictional defenses, including that this Court lacks personal jurisdiction over Defendants. In his Suggestion of Remand and Transfer Order, Judge Campbell expressly noted that "Defendants' right to object to venue and personal jurisdiction upon transfer is preserved." *See* Amended Suggestion of Remand and Transfer Order (Fifth) at 4, *In re Bard IVC Filters Products Liability Litigation*, No. MDL 15-02641- PHX-DGC (D. Ariz. Feb 11, 2021) [hereinafter, the "Transfer Order"].

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

patient care in anticipation of an increased demand for services. Granting a stay allows the Parties to continue to finalize settlement negotiations and prevent unnecessary expenditures of the parties and judicial resources.

Counsel for Defendants have conferred with counsel for Plaintiff, who agree to the relief sought in this motion.

## II. Arguments and Authorities

**A. The Court Has Authority to Grant the Requested Stay.**

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). This Court therefore has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Sierra Club v. U.S. Army Corps of Engineers,* 446 F.3d 808, 816 (8th Cir. 2006) (*citing Clinton v. Jones,* 520 U.S. 681, 706 (1997)).

A motion to stay proceedings, like the Parties seek here, is an appropriate exercise of this Court's jurisdiction. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (explaining a court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties).

> **The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants**. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the

disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *Aldridge v. City of St. Louis, Missouri*, 4:18-CV-1677 CAS, 2020 WL 223928, at *3 (E.D. Mo. Jan. 15, 2020) (the power to stay proceedings is inherent in every court to control the disposition of the court's docket).

Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to limit the scope of discovery or control its sequence and may grant a stay to allow parties to negotiate a settlement. *Britton*, 523 U.S. at 598.

### B. Good Cause Exists to Grant the Requested Stay.

Plaintiff and Defendants are actively engaging in settlement negotiations. The Parties have reached a settlement in principle and are working diligently and in good faith to finalize all terms and payments pursuant to that settlement. The Parties further and in good faith believe that a final settlement is forthcoming, that shall resolve this and other cases within the inventory. The Parties do not seek a stay in bad faith, to unduly burden any party or the Court or cause unnecessary delay, but to support the efficient and expeditious resolution of this litigation. Granting the stay here will certainly save the time and effort of the Court, counsel, and the parties, promote judicial economy and effectiveness, and provide counsel an opportunity to resolve their issues without additional litigation expenses for their clients.

Facilitating the Parties' efforts to resolve their dispute entirely through continued settlement negotiations that began before this action was transferred from the MDL to this Court is reasonable and constitutes good cause for granting the requested stay of discovery and other pretrial deadlines. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, and that the relief sought in this Agreed Joint Motion is not for delay, but so that justice may be done.

### III. Conclusion

For the foregoing reasons, the parties respectfully request the Court stay this litigation until July 26, 2021 in anticipation that the case will be settled and resolved in the near future.

[Signatures on the following page]

DATED: April 7, 2021                Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Shawtina F. Lewis*
Shawtina F. Lewis (SBN 259255)
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
shawtina.lewis@nelsonmullins.com
Attorney for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

DATED: April 7, 2021                Respectfully submitted,

CURTIS LAW GROUP

/s/ *William Curtis (as authorized on 4/2/2021)*
William B. Curtis, Esq.
17754 Preston Rd., Suite 200
Dallas, Texas 75252
(214) 890-1000 Ofc
(214) 890-1010 Fax
Email: bcurtis@curtis-lawgroup.com

*Attorney for Plaintiff*

**ORDER**

Upon consideration of the Parties' AGREED JOINT MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM & ORDER, and for good cause appearing, IT IS HEREBY ORDERED that the Parties' Motion is GRANTED, and discovery and all pretrial deadlines are hereby stayed and extended until July 26, 2021 to allow the Parties to finalize settlement.

The parties shall appear at a STATUS CONFERENCE on **August 2, 2021, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. The purpose of the conference will be to address the status of settlement negotiations. If the parties file a notice of settlement pursuant to Local Rule 160 before the continued scheduling conference, the scheduling conference will be vacated. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties shall be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:   **April 7, 2021**                           /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: _/s/ Shawtina F. Lewis_
Shawtina F. Lewis